UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JULIUS HALL,

      Petitioner,

v.                                            Case Number: 2:09-CV-14450

NICK LUDWICK,

      Respondent.
                                           /

**ORDER OF SUMMARY DISMISSAL**

Petitioner Andrew Julius Hall has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, pursuant to convictions for second-degree murder, felony firearm, and larceny from a person. He raises several sentencing-related claims. None of the claims raised in the petition are cognizable on federal habeas review. Therefore, the court will summarily dismiss the petition.

**I. BACKGROUND**

Petitioner pleaded no contest to second-degree murder and larceny from a person and guilty to felony firearm in Oakland County Circuit Court. On July 10, 2008, he was sentenced to thirty-five to seventy years of imprisonment for the second-degree murder conviction, four to ten years of imprisonment for the larceny from a person conviction, and two years of imprisonment for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied the application "for lack of merit in the grounds

presented." *People v. Hall*, No. 290559 (Mich. Ct. App. March 27, 2009). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. That application was also denied. *People v. Hall*, No. 138598 (Mich. June 23, 2009).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> Defendant is entitled to resentencing because the statutory sentencing guidelines were mis-scored as to the offense variables, which affected the statutory sentencing guideline range.
>
> 1) M.C.L. 769.34 states a defendant shall be resentenced within the appropriate sentence range based on accurate scoring guidelines. M.C.L. 769.34, unlike the judicial sentencing guidelines, which were mere recommendation, the statutory sentencing guidelines have the effect of law.
>
> 2) *People v. Babcock*, 469 Mich. 247 (2003), in a situation where the trial court didn't make a substantial reason for the departure in such a situation the court of appeals must remand the case to the trial court for resentencing or rearticulation (the sentence guidelines were wrong, scores were wrong).
>
> 3) The injustice will cause prisoner to be subject to more imprisonment than required statutory laws.
>
> 4) The sentence conflicts with *People v. Babcock*, *People v. Wolfe*, and *People v. Francisco.*

## II. STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that

appears legally insufficient on its face").

Title 28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

3

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.  DISCUSSION

Petitioner presents four sentencing-related claims in his petition.  First, he argues that his offense variables were incorrectly scored.  "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate expositors of state law."  *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D.

Mich. 1987). Therefore, Petitioner's claim that certain offense variables were incorrectly scored is not cognizable on habeas corpus review.

Second, Petitioner argues that the trial court departed from the sentencing guidelines without articulating a substantial and compelling reason for doing so. Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich.2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Thus, this claim also is not cognizable on federal habeas review.

Third, Petitioner argues, without explanation or citation, that his sentence conflicts with three Michigan state court opinions. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's vague assertion that his sentence conflicts with Michigan state court decisions fails to allege a federal constitutional violation subject to habeas review.

Finally, Petitioner argues that the incorrect scoring of his offense variables will result in his being subjected to a longer imprisonment than required by statutory laws. To the extent that this claim challenges the scoring of offense variables, the claim, as discussed above, is not cognizable on federal habeas review. To the extent that this claim challenges the sentences based upon an alleged Eighth Amendment violation, it is meritless. The Eighth Amendment prohibits "extreme sentences that are grossly

5

disproportionate to the crime." *Id.* at 995.  The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).  Petitioner's sentences do not exceed those allowed for each of his crimes under Michigan law.  Therefore, Petitioner has not shown that his sentences are in violation of the Constitution or laws of the United States.

## IV.  CERTIFICATE OF APPEALABILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002).  In deciding to summarily dismiss the habeas petition, the court has, of course, carefully considered the issues presented and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA.  *See Id.* at 90 (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,' the district judge is, at that point, often best able to determine whether to issue the

COA.") (overruled on other grounds).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must "show . . . that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## V. CONCLUSION

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2009, by electronic and/or ordinary mail.

                                           S/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522